USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FULGENCIO RODRIGUEZ,

Plaintiff,

-against-

N.Y. STATE DEPT. OF PAROLE; SENIOR PAROLE OFFICER D. ESTWICK; PAROLE OFFICER ELVIS RAMOS, SHIELD #221; N.Y. STATE DEPT. OF SOCIAL SERVICES,

Defendants.

19-CV-0643 (VEC) (JLC)

MEMORANDUM ORDER AND OPINION

VALERIE CAPRONI, United States District Judge:

Plaintiff Fulgencio Rodriguez alleges that state agencies and parole officers in New York violated his federal and state rights while he was subject to parole supervision. *See* Compl. (Dkt. 2) at 1.[1] In particular, Plaintiff claims that he was unlawfully displaced from his home by conditions imposed by his parole officer, and that he was improperly denied medical benefits by the Department of Social Services after he was found to be in violation of parole. Compl. at 5, 11–14. After dismissing the state agencies from this case on the ground of Eleventh Amendment immunity, Dkt. 15, the Court referred the claims against Parole Officers Elvis Ramos and D. Estwick to Magistrate Judge James Cott, Dkt. 16, who has recommended that the Court dismiss all remaining claims. Report and Recommendation ("R&R") (Dkt. 30) at 1. Plaintiff was required to file any objections to Judge Cott's recommendation within 14 days of December 20, 2019. *Id.* at 45–46. Twenty-eight days have elapsed as of the date of this Order, and the Court

[1] Because the paragraphs and pages of the Complaint are numbered inconsistently, the Court cites to the page numbers affixed by the ECF system.

has received no objection to the R&R or any other response from Plaintiff. The Court adopts Judge Cott's recommendation that all claims be dismissed, for the reasons set forth below.

**BACKGROUND**

The Complaint contains two sets of allegations concerning the loss of Plaintiff's rental apartment and the discontinuance of his medical coverage. As to the former, Plaintiff appears to allege that Parole Officer Elvis Ramos's unlawful actions caused Plaintiff to be evicted. On June 16, 2015, Officer Ramos, in response to a purported allegation of domestic violence lodged by Plaintiff's then-cohabiting girlfriend, allegedly ordered Plaintiff to vacate their shared apartment until June 23, 2015. Compl. at 9. On June 21, Plaintiff told his girlfriend, Francine Mota, to move out by June 23, at which point Ms. Mota allegedly threatened to file domestic violence and other charges. Compl. at 11. On June 23, Officer Ramos warned Plaintiff that he would be returned to jail if such charges were to be filed. Compl. at 11. Out of fear of possible jailtime, Plaintiff fled after receiving a call from a police officer and became homeless for two and a half months—until he married Ms. Mota on August 10, 2015. Compl. at 12. In May 2016, Plaintiff's landlord informed him that he was delinquent on three months' rent, which appears to have ultimately resulted in the entry of a monetary judgment against Plaintiff and his eviction from the apartment. *See* Compl. at 13–14. Although the Complaint is not clear on this point, the delinquency appears to stem from the lack of rent payments during the time that Plaintiff was homeless and not residing in the apartment. *See id.*

While Plaintiff was on the run, he discovered that he had lost access to medical coverage provided by the Department of Social Services. On June 25, 2015, the same day that Plaintiff fled in response to an inquiry from the New York Police Department, Petitioner was declared delinquent, and a warrant for violation of parole was issued. *Rodriguez v. Stanford*, 94 N.Y.S.

3d 540, 540 (N.Y. Sup. Ct. 2017), *aff'd*, 162 A.D. 3d 1557 (4th Dep't 2018). Officers Ramos and Estwick signed a violation report on July 1, 2015, which contained 11 charges, including failure to report, unpermitted contact with Ms. Mota, and various violent acts against Ms. Mota and a child. Dkt. 22-4 a 2–5. Plaintiff did not appear for a preliminary hearing on the violation report until July 1, 2016. Compl. at 13. In the interim, Plaintiff attempted to procure medications from the Department of Social Services, only to learn on June 7, 2016, that Officer Ramos had informed Social Services that Plaintiff's access to state-provided medical services should be terminated. Compl. at 5. On August 26, 2016, Plaintiff pleaded guilty to a violation of parole, and his parole was revoked. *See Rodriguez*, 94 N.Y.S.3d at 540. His later attempt to withdraw his plea was denied. *See id.*

Plaintiff commenced this action in federal court, alleging that Officer Ramos and his supervisor, Officer Estwick, violated 42 U.S.C. § 1983 by (1) causing Plaintiff's removal and eviction from his apartment and (2) depriving him of the state's medical benefits. Compl. at 8–15. Although not clearly pleaded as causes of action, the Complaint also references Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), the Housing and Community Development Act of 1974 (HCDA), and the New York State Human Rights Law (N.Y. Exec. Law § 296). *See* Compl. at 17–22.

Construing the *pro se* complaint liberally, Judge Cott viewed the pleading as attempting to allege a claim pursuant to each of the referenced statutes and, in a thorough and well-reasoned R&R, recommended dismissal of all claims, on multiple grounds. R&R at 12, 28, 35–36, 38–39. Apart from concluding that Plaintiff failed to plead the elements of any federal claim, Judge Cott also recommended dismissal based on affirmative defenses of qualified immunity, Eleventh Amendment immunity, and collateral estoppel. R&R at 40–43. He further recommended

dismissal of the remaining state law claims by declining supplemental jurisdiction and because both federal and state courts lack jurisdiction to entertain damages actions under state law against parole officers. R&R at 39–40. And finally, Judge Cott recommended that leave to amend be denied as futile, particularly in light of Plaintiff's request that his opposition papers be treated as an amended complaint, which was done. R&R at 44–45.

## DISCUSSION

Upon careful review, the Court finds no clear error in the R&R and adopts the recommendation that all claims be dismissed and that leave to amend be denied. As did Judge Cott, the Court construes Plaintiff's *pro se* submissions liberally. *See Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003) ("The rule favoring liberal construction of pro se submissions is especially applicable to civil rights claims.").

First, as to Plaintiff's Section 1983 claims, the Court adopts Judge Cott's recommendation that the claims be dismissed because Officers Ramos and Estwick are entitled to qualified immunity. *See Lore v. City of Syracuse*, 670 F.3d 127, 162–63 (2d Cir. 2012) ("[F]ederal law accords a public official qualified immunity from personal liability in a civil suit for damages if his performance of a discretionary function did not violate clearly established federal statutory or constitutional rights of which a reasonable person in his position would have known."). The termination of Plaintiff's medical coverage could not have been a violation of a clearly established right because, under New York law, a "person [who is] currently an absconder from probation or parole supervision and [for whom] a warrant alleging such a violation is outstanding" is ineligible for public benefits. N.Y. Comp. Codes R. & Regs. tit. 18, § 351.2(k)(3)(ii)(a). Similarly, the imposition of a parole condition requiring Plaintiff to

relocate, in response to an allegation of domestic violence against a cohabiting partner,[2] does not violate any clearly established right.[3] *See Moore v. Vega*, 371 F.3d 110, 116 (2d Cir. 2004) ("[I]f plaintiff were a parolee and defendants' actions were rationally and reasonably connected to their duties as parole officers, there would be no violation of a clearly established constitutional right, and plaintiff's claim would fail."). Because the affirmative defense of qualified immunity appears on the face of the Complaint, Plaintiff's Section 1983 claims should be dismissed on Defendants' Rule 12(b)(6) motion. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.").

The Court also adopts Judge Cott's recommendation to dismiss Plaintiff's remaining federal claims, to the extent that he asserts any. Plaintiff has not stated a claim for a violation of the ADA or the Rehabilitation Act because Defendants are not alleged to have discriminated against Plaintiff on the basis of disability. According to Plaintiff, Officer Ramos terminated Plaintiff's medical coverage in order to induce Plaintiff to turn himself in and forced Plaintiff out of the apartment because Ms. Mota and Officer Ramos were having an affair. Compl. at 5–6. Neither of those motives, even if true, would support a claim under either the ADA or the

---

2 Although Plaintiff alleges that Ms. Mota told him that she never called Officer Ramos, Plaintiff also acknowledges that Officer Ramos in fact received a report of domestic violence. *See* Compl. at 10, 13–14 ("PO Ramos should have taken [Ms. Mota] to a shelter.").

3 *See also Robinson v. Pagan*, No. 05-CV-1840, 2006 WL 3626930, at *6 (S.D.N.Y. Dec. 12, 2006) (recommending dismissal because plaintiff's "status as a parolee also affords him limited constitutional rights, and no liberty interest in being free from special parole conditions"); *Pena v. Travis*, No. 01-CV-8534, 2002 WL 31886175, at *9 (S.D.N.Y. Dec. 27, 2002) ("Conditions of parole are discretionary and not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner." (citation and quotation marks omitted)); *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom[.]").

Rehabilitation Act.[4] R&R at 36–37. The Court also agrees with Judge Cott that the relevant provisions of the HCDA (and its implementing regulations) invoked in the Complaint do not confer a private right of action.[5] R&R at 38.

To the extent that Plaintiff raises any claims under state law, the Court agrees with Judge Cott and Defendants that declining to exercise supplemental jurisdiction following the dismissal of all federal claims is appropriate in this case. Ordinarily, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). To make that determination, the Court must carefully consider whether declining jurisdiction serves "the values of judicial economy, convenience, fairness, and comity." *Id.*; *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quotation marks and citation omitted). Here, judicial economy and convenience favor declining jurisdiction because this case is in its infancy, no discovery has been taken, and Plaintiff's complaint does not clearly assert a state law claim—to the extent he does intend to assert such a claim, he should decide whether to proceed in state court. Comity strongly favors declining jurisdiction because Plaintiff's claims would require the federal court both to apply state law and to review the state's supervision of Plaintiff's parole. *See Pena v.*

---

4 *Henrietta D. v. Bloomberg*, 331 F.3d 261, 277 (2d Cir. 2003) ("The ADA . . . provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity.'" (quoting 42 U.S.C. § 12132)); *see also* 29 U.S.C. § 794 ("No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Although Plaintiff alleges that his AIDS condition is a disability, he does not claim that Defendants denied him a benefit because of his condition. *See* Dkt. 28 at 3–4.

5 *See Reyes v. Erickson*, 238 F. Supp. 2d 632, 636 (S.D.N.Y. 2003) ("Because 42 U.S.C. § 5309 does not create a private right of action, this Court does not have subject matter jurisdiction over that claim and it is therefore dismissed pursuant to Fed. R. Civ. P. 12(b)(1).").

*Travis*, No. 01-CV-8534, 2002 WL 31886175, at *9 (S.D.N.Y. Dec. 27, 2002) ("Review of conditions of parole are generally matters for state courts."). Lastly, Plaintiff has now twice received notice—once via Defendant's motion (Dkt. 21 at 32) and again via Judge Cott's R&R—that he has not clearly asserted a state law claim and that the Court may decline to exercise supplemental jurisdiction. Plaintiff opted not to contest the issue in his opposition to the motion to dismiss, *see* Dkt. 28, and he has not filed an objection to the R&R. Given that, the Court finds that declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) is the fairest outcome for all parties. For those reasons, supplemental jurisdiction over any state law claims will be declined as a matter of discretion.

Finally, the Court adopts Judge Cott's recommendation that leave to amend be denied. Plaintiff asked that his opposition to the motion to dismiss be construed as a supplemental pleading, which the Court has done. *See* Dkt. 28 at 3. Plaintiff has not requested further leave to amend or objected to Judge Cott's recommendation that leave be denied. *See Lopez v. Shopify, Inc.*, No. 16-CV-9761, 2018 WL 481891, at *2 (S.D.N.Y. Jan. 17, 2018) (adopting recommendation that leave to amend be denied in part because plaintiff "did not seek leave to amend or identify new facts . . . in his opposition to the motion to dismiss and he did not file any objections to the R&R"). The Court accordingly agrees with Judge Cott that any amendment in this case would be futile, particularly in light of Plaintiff's submission of a supplemental pleading that failed to cure the several fatal defects in his case.

**CONCLUSION**

The Court adopts the R&R to the extent that Plaintiff's Section 1983 claims are dismissed with prejudice, on the basis of qualified immunity; his ADA and Rehabilitation Act claims, if any, are dismissed with prejudice for failure to state a claim; his HCDA claim, if any, is

dismissed without prejudice for lack of jurisdiction; his state law claims, if any, are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction. Leave to amend is denied as futile.

Plaintiff's failure to file an objection to the R&R operates as a waiver of appellate review because the R&R contained a notice that Plaintiff's failure to file objections within 14 days will preclude appellate review, informed Plaintiff of the possibility of an extension of time to file objections, and cited the relevant law governing objections and computation of time. *See* R&R at 45–46; *Frank v. Johnson*, 968 F.2d 298, 299–300 (2d Cir. 1992) (explaining requirements of waiver rule as applied to *pro se* litigants). Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and permission to proceed *in forma pauperis* is denied.

The Clerk of Court is respectfully directed to terminate all pending motions and close the case. The Clerk is also requested to mail a copy of this Order to Plaintiff and note mailing on the docket.

**SO ORDERED.**

**Date: January 17, 2020**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**